SEP 0 2 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-MK-1727

OSCAR CARRASCO-RICO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2004

GREGORY C. LANGHAM
CLERK

## ORDER DISMISSING *HABEAS* PETITION

**THIS MATTER** comes before the Court *sua sponte*, pursuant to the Petitioner's Motion to Vacate, Set Aside or Correct Sentence (# **46** in *U.S. v. Carrasco-Rico*, Case No. 03-CR-100[1]). Although the Clerk's Office has filed the Motion in the Petitioner's underlying criminal case, the Court deems the Motion to be a Petition pursuant to 28 U.S.C. § 2255, and will proceed under the civil case number assigned to this action.

Pursuant to 28 U.S.C. § 2255, the Court may *sua sponte* dismiss a petition if "the files and records of the case conclusively show that the prisoner is entitled to no relief."

On June 16, 2003, the Petitioner pleaded guilty (# **25**) to one count of Illegal Reentry Into the United States Following Conviction for an Aggravated Felony, 8 U.S.C. § 1326(a) and (b)(2). On September 22, 2003, the Court sentenced (# **38**) the Petitioner to imprisonment for a period

---

[1]All subsequent citations to docket entries shall reflect docket numbers in the underlying criminal case, 03-CR-100.

of 37 months. The transcript of the sentencing hearing, attached to the Judgment and Committal Order (# 42), indicates that the sentence was based on a calculation under the Sentencing Guidelines of a base Offense Level of 8; a 12-level increase under § 2L1.2(b)(1)(B) because the Petitioner's prior conviction involved a felony drug trafficking offense; and a 3-level decrease based on the Petitioner's acceptance of responsibility. In the instant Petition, the Petitioner raises a single contention: that his sentence was enhanced above the statutory minimum based on facts not found by the trial jury or admitted by the Petitioner, in violation of *Blakely v. Washington*, 124 S.Ct. 2531 (2004). From the foregoing, it is evident that the only potential enhancement to the Petitioner's sentence was the conclusion that his prior conviction constituted a drug trafficking felony under § 2L1.2(b)(1)(B), resulting in the upward adjustment of the Offense Level. Thus, the Court construes the Petition to allege that this finding violates the rule set forth in *Blakely*.

The Court assumes, for purposes of this Petition, that *Blakely* applies to the determination under § 2L1.2(b)(1)(B) and that the effect of the Supreme Court's June 24, 2004 ruling is retroactive, applying to the Petitioner's sentencing in September 2003. Nevertheless, the Court finds that the Petitioner waived any right he might have had under *Blakely*. The operative holding of *Blakely* is "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." 124 S.Ct. at 2541. Here, the Petitioner stipulated in the Plea Agreement (# 26) that his prior conviction satisfied § 2L1.2(b)(1)(B). Specifically, the Petitioner agreed that the Government would show "that [the Petitioner] was convicted of the crime of Possession of an Imitation Controlled Substance with Intent to Distribute, a Class 5 felony, and was sentenced to a

suspended term of one year confinement." *See* # 28 at 3-4. In addition, "the parties stipulate[d] that under 2L1.2(b)(1)(B), the [Petitioner] should receive a 12-level upward adjustment for this prior aggravated felony conviction." *See* # 28 at 4. Under these circumstances, the Court finds that the Petitioner stipulated to the relevant facts used to enhance his sentence, and thus, waived any right he might have had under *Blakely* to have such facts determined by a jury.

Because the Court finds that the Petition is facially without merit, the Petition to Vacate, Set Aside, or Modify the Sentence (# 46 in *U.S. v. Carrasco-Rico*, Case No. 03-CR-100) is **DENIED** with prejudice and the Petition is **DISMISSED**. The Clerk of the Court is directed to close this case.

Dated this 25th day of August, 2004.

BY THE COURT:

_____
Marcia S. Krieger,
United States District Judge

EOD
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 7 2004

GREGORY C. LANGHAM
_____CLERK